DUNNAWAY, Appellant, v. O'REILLY, Respondent.

St. Louis Court of Appeals, December 1, 1903.

1. **Pleading:** DEFECT OF PARTIES: WAIVER BY GENERAL DE-
NIAL. A defect of parties, which does not appear on the face of the
petition, is waived by a general denial in answer.

2. **Equity:** DEED OF TRUST: ENJOINING SALE: ACCOUNTING.
A trustee in a deed of trust on real estate, for a valuable consid-
eration, agreed to extend the time of payment of the debt se-
cured by the deed of trust, and was put in possession of the
premises, to collect the rent and apply it on the debt, but be-
fore the expiration of the time for which the payment was ex-
tended, he advertised the property for sale under the deed of
trust for alleged default in the payment of principal and inter-
est, and the evidence showed that he was secretly the benefi-
ciary in the deed of trust as well as trustee. *Held,* sale will be
enjoined at the instance of the mortgagor, an accounting taken
between the parties, and the mortgagor given a reasonable time
in which to pay before sale under the deed of trust.

Appeal from St. Louis City Circuit Court.—*Hon. John
A. Talty,* Judge.

REVERSED AND REMANDED.

*Thomas P. Bashaw* for appellant.

*W. F. Smith* and *Robert L. McLaran* for respon-
dent.

(1) The beneficiary is a necessary party to this ac-
tion. Voorhis v. Gamble, 6 Mo. App. 1; White v. Wat-
kins, 23 Mo. 423; Sampson v. Mitchell, 125 Mo. 217;
Sheridan v. Nation, 159 Mo. 27. Therefore, plaintiff
must prove that defendant was the beneficiary under the
trust deed at the time this suit was filed, or her bill was

improperly brought and its dismissal was proper. (2) This defect is not waived but can be taken advantage of at the trial. Steinman v. Strimple, 29 Mo. App. 478. (3) Defendant had no power as trustee under a deed of trust to make an agreement to extend the time of the note. He acts under a special authority, which must be strictly pursued. Cassady v. Wallace, 102 Mo. 575; Boles v. Perry, 51 Mo. 449; Magee v. Burch, 108 Mo. 336; Sheridan v. Nation, 159 Mo. 27. (4) When in an equity case the evidence is conflicting or is evenly balanced, the appellate court will defer to the finding of the trial court. Arn v. Arn, 81 Mo. App. 133; Culver v. Smith, 82 Mo. App. 390; Becht v. Becht, 168 Mo. 525; Strine v. Williams, 159 Mo. 582. Especially is this true in a case like the one at bar where the witnesses appeared in court and gave their testimony orally. Dunivan v. Dunivan, 157 Mo. 157.

### STATEMENT.

The evidence shows that Robert H. Dunnaway, on the twelfth day of May, 1897, negotiated a loan with defendant of $3,000, and executed his note for the principal sum, due three years after date, and his six interest notes for $90 each, due in six, twelve, eighteen, twenty-four, thirty and thirty-six months. The notes were made payable to James H. Scholten. On the same date, Dunnaway, to secure said notes, executed his deed of trust conveying to defendant, as trustee, certain real estate located on Lucretia avenue, in the city of St. Louis, known as No. 1366; afterwards and prior to August, 1900, Dunnaway, by general warranty deed, subject, however, to the deed of trust, conveyed the property to plaintiff, his sister, but after the conveyance he continued, as the agent of plaintiff, to manage and control the property, to make payments of the interest notes and other arrangements in respect to the debt. After the principal debt had matured, some of the interest notes

were unpaid and on or about the sixteenth day of August 1900, Robert H. Dunnaway and the defendant agreed that in consideration of $60 paid by Dunnaway, as commission to defendant for an extension of the loan, and $30 on back interest, and the execution by Dunnaway of his four interest notes, dated May 12, 1900, due in six, twelve, eighteen and twenty-four months, bearing six per cent interest from maturity, and for the further consideration that defendant should take charge of the property and collect the rent thereon from the tenants and credit it upon the due and to become due interest notes, the loan was extended to May 12, 1902. Prior to May 12, 1902, defendant advertised the property for sale under the deed of trust on account of an alleged default in the payment of the principal and interest. This suit was brought to enjoin the sale.

The evidence shows that Scholten was a clerk in defendant's real estate office and had no interest in the loan, and that he immediately after the execution of the notes, indorsed them without recourse. Defendant testified that they were delivered to Thomas A. Ferrenbach who, according to defendant's evidence, furnished the money to make the loan and for whose benefit it was made.

After the agreement to extend the time of payment, defendant took charge of the property and collected the rents and expended some money in making repairs. Defendant received and receipted for all payments made by Dunnaway on the interest notes and entered credits thereon and when one of them was paid in full surrendered it to Dunnaway. After the arrangement of August, 1900, was entered into, Dunnaway testified, he made an arrangement with one Vette, who had taken up another loan for him on adjoining property, to take up this one. And that for the purpose of carrying out the arrangement, he made five trips to the office of defendant and for the purpose of getting a statement of the amount of rent defendant had collected and to obtain a

statement of the actual amount he then owed, being himself ignorant of the amount of rent defendant had collected after August, 1900. He testified he was put off from time to time by the defendant with various excuses. Becoming satisfied that defendant would not furnish him a statement, he gave a written request for defendant to give such statement to E. H. W. Schulte, a real estate agent. Schulte testified that he presented the order or request to defendant at his office, but a statement was refused, defendant saying he would rather keep the property for himself. The evidence of defendant is that neither Dunnaway nor Schulte was denied a statement of the account and that Schulte never asked for one, and that one was furnished to Dunnaway. It was made to appear, however, from the evidence that no statement was ever furnished Dunnaway until after this suit was brought and the one then furnished was furnished by defendant's attorney to plaintiff's attorney.

Defendant does not deny the agreement of August 16, 1900, to extend the time of payment for two years from May 12, 1900, and says that he was ready, willing and anxious to realize on the loan and told Dunnaway, when he said he had arranged to take up the loan, that he would give him a box of cigars if he would get somebody to take it up for him.

The main witness for defendant was the chief man in his real estate office. The memory of this witness was at fault in respect to a good many particulars of the transactions between him and Dunnaway, and the account of rents, collected by him, which he furnished the defendant's attorney, is not at all satisfactory. It is lacking in particulars and details and in clear statement.

The court found the issues for the defendant and dismissed the bill. Plaintiff appealed.

BLAND, P. J. (after stating the facts as above).— The merits of this controversy on the evidence are

clearly with the plaintiff and she should prevail, unless there is some rule of law that intervenes to defeat her. It is contended by defendant that Thomas A. Ferrenbach was a necessary party defendant. This alleged defect does not appear on the face of the petition and the answer was a general denial; therefore, the defect of a necessary party defendant was waived. R. S. 1899, sec. 602.

It is insisted by the defendant that he is a mere trustee and as such had no power to extend the time of payment without the consent of the *cestui que trust.* As a naked proposition of law, this contention is correct, but the weight of the evidence is that defendant was not only trustee, but was likewise secretly the beneficiary in the deed of trust. Dunnaway testified that when he applied to defendant for the loan, he told him he had had trouble in making loans through real estate agencies and that he did not want to deal with the defendant as a real estate agent or as the agent of some one else who was to furnish the money, and that defendant told him he had his own money to make the loan. Defendant denies this and says no such conversation took place. If this was all the evidence on this feature of the case there would be no hesitancy in saying that it evenly balanced and the burden would be on plaintiff to turn the scale. But the undisputed evidence is that defendant had exclusive control of the whole matter from start to finish, had possession of the notes ready for delivery to Dunnaway whenever he was ready to pay one of them. The failure of defendant to call Ferrenbach, who resided in St. Louis, as a witness, is also a circumstance not to be lost sight of.

Our conclusion is that the judgment should be reversed and the cause remanded with directions to the circuit court to take an accounting and ascertain the balance due as principal and interest on the loan and give plaintiff a reasonable time in which to pay such balance

before a sale under the deed of trust may be made. The judgment is accordingly reversed and the cause remanded. *Reyburn* and *Goode, JJ.*, concur.